**In re ESTATE of SCHEID; Denzer, Exr., Appellant.**

[Cite as *In re Estate of Scheid* (1995), 102 Ohio App.3d 345.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–94–45.

Decided March 31, 1995.

*Warren W. Ruggles,* for appellant.

---

*Per Curiam.*

This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas, Probate Division, which denied appellant Millicent Scheid Denzer's renouncement of the provision in the decedent's will which stated that appellant was to receive no fee for serving as executor.

Appellant sets forth the following assignments of error:

"I. The court lacks jurisdiction to deny the executrix her statutory right of renouncement of the compensation provided in the will and to receive commissions provided by law.

"II. The court erred in rejecting the consent and agreement by the parties of the renouncement of the compensation provided in the will.

"III. Abuse of discretion and the court's ruling is against the manifest weight of the evidence and contrary to law."

The facts that are relevant to this appeal are not in dispute. The record indicates that on April 21, 1994, decedent Verneita Scheid died testate. Her will provided that appellant, as her executor, "shall be allowed and shall receive no compensation for her services and expenses." On July 6, 1994, appellant filed in the trial court a "renouncement of executrix fee as provided in the will" and claimed that "by reason hereof the compensation shall be as allowed by law." At

a hearing held on the matter on September 13, 1994, appellant argued that she should be allowed to renounce her "fee" pursuant to R.C. 2113.36 and take a commission on the amount of the estate pursuant to R.C. 2113.35. In a judgment entry filed on October 4, 1994, the court found that the motion was not well taken and that it was not in the best interest of the estate and the heirs for the court to approve the renouncement. The trial court also found that the proposed renouncement was not provided for by law.

Appellant argues in her assignments of error that the trial court lacked jurisdiction to deny the renouncement, that the trial court erred in rejecting the consent of the other heirs to her renouncement, and that the court erred in denying her renouncement. Upon thorough consideration of the record of proceedings in the trial court, this court finds that R.C. 2113.36 does not provide for "renouncement" of a nonexistent fee in order to receive a commission from the estate and that the trial court did not err as a matter of law in denying appellant's request to "renounce" something that did not exist. Accordingly, appellant's first, second and third assignments of error are not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas, Probate Division, is affirmed. Costs assessed to appellant.

*Judgment affirmed.*

ABOOD, P.J., GLASSER and MELVIN L. RESNICK, JJ., concur.

MELVIN L. RESNICK, Judge, concurring.

I would only add that when the executor accepted the appointment she was aware of the terms of the will. Having accepted the appointment, she is estopped from claiming any commissions provided for under the statute.